(No. 2467— ▮▮▮▮▮▮▮▮

EDWARD F. BROOKS, A MINOR BY J. FLOYD BROOKS, HIS NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*
*Rehearing denied May 14, 1935.*

EDWARD F. BROOKS, A MINOR, BY J. FLOYD BROOKS, HIS NEXT FRIEND, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Edgar F. Brooks, a minor files his claim herein by J. Floyd Brooks, his next friend and a stipulation has been filed that he was one of the members of the Howitzer Co. of the 130th Inf. I. N. G. who was injured in the bus-fire that occurred near Pana, Illinois, on July 26, 1933, while claimant was on duty as a member of said Company. The injuries received by claimant were duly considered by medical boards at various times, the last of which was on August 8, 1934. That report shows that while burns were received by claimant on the face and neck, no scars appeared. There are some scars on the body, none of which cause any disability. An X-ray examination shows the possibility of a fracture having occurred on the right shoulder. The Military Board estimated the permanent partial disability at ten per cent (10%). Claimant stated that the shoulder injury was the result of his jumping from the burning bus. Claimant was moved to the Pana Hospital immediately after the accident and remained there three days. He then went to Camp Grant for further training with his Company, where he received regular military pay. Prior to the accident he was employed in an A. & P. store on Saturdays outside of school hours. At the time of the hearing he did not recall at what rate he had received wages. In September following the accident he was re-employed by the Davidson Biscuit Company and had been continuously employed by such company from that time until the date of the hearing. He testified that he has been compensated through the Adjutant General's Office for the loss of time due to injuries, in the sum of One Hundred Eighty Dollars ($180.00).

At the time of the accident claimant was a senior in high school and after regaining employment worked six hours a day and attended high school in the afternoon so he could graduate. His testimony is that he is paid forty cents (40c) per hour for six hours a day. He further testified that he was in accord with the ten per cent (10%) disability finding made by the Military Medical Board.

Considering this claim under the same rules we have followed in determining awards in similar claims we find that claimant should receive an award of Two Hundred Fifty Dollars ($250.00). The State has paid or has assumed payment for medical, nursing and hospital fees amounting to Sixty-two and 75/100 Dollars ($62.75) in addition to the One Hundred Eighty Dollars ($180.00) previously paid claimant. A further award is hereby entered in his favor in the sum of Two Hundred Fifty Dollars ($250.00).